IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brenda Massaquoi,<br><br>    Plaintiff,<br><br>vs.<br><br>American Credit Acceptance,<br>Angela Preuter,<br>Sharon Ponder,<br><br>    Defendants. | C/A No. 7:16-2220-BHH-JDA<br><br>**REPORT AND RECOMMENDATION**<br><br>*for summary dismissal of*<br>*two defendants* |

Brenda Massaquoi ("Plaintiff"), proceeding pro se, brings this civil action alleging unlawful employment discrimination. Plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28 U.S.C. § 1915. After a review of the Complaint and the applicable law, this Court recommends that two Defendants, Angela Preuter and Sharon Ponder, should be summarily dismissed from this action.[1]

## **BACKGROUND**

Plaintiff alleges the following facts. She currently resides in Minnesota, and she brings this lawsuit against American Credit Acceptance, Angela Preuter, and Sharon Ponder, all located at 961 E. Main Street, Spartanburg, South Carolina. [Doc. 1.] Angela Preuter is the loss mitigation supervisor, and Sharon Ponder is the HR business partner. [*Id.*] American Credit Acceptance was the employer of Plaintiff. [*Id.*] Defendants wrongfully terminated her employment on August 24, 2015, based on her race and color as a black African and her national origin of Liberia, West Africa. [*Id.*]

---

[1]In a separate Order, issuance and service of process is authorized on Defendant American Credit Acceptance.

Specifically, after Plaintiff called in sick on August 24, 2015, she was terminated. [*Id.*] She had 42.50 "PTO[2] hours" available for use and "no attendance issues." [*Id.*] She was the only employee fired for calling in sick with available PTO hours, and other employees with insufficient PTO hours who called in sick were only written up, given an occurrence, or accommodated. [*Id.*] She was treated differently from the other employees. [*Id.*]

Based on those facts, Plaintiff alleges Defendants violated Title VII of the Civil Rights Act of 1964. [*Id.*] She seeks lost wages in the amount of $25,000 from August 24, 2015, through May 20, 2016. [*Id.*] And, she seeks punitive damages of $500,000 because "Angela Preuter acted against me with malice and Sharon Ponder/American Credit Acceptance encouraged her by wrongfully terminating my employment immediately." [*Id.*]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent

---

[2]This Court presumes PTO means paid time off.

standard, a portion of the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Defendants Angela Preuter and Sharon Ponder should be dismissed from this action because Plaintiff fails to state a claim against them on which relief may be granted. The law does not permit Plaintiff to bring a federal employment discrimination action against them because they were not the employer. Title VII prohibits an employer from discriminating against an individual because of the individual's race, color, religion, sex, or national origin. *See Gerner v. Cnty. of Chesterfield,* 674 F.3d 264, 266 (4th Cir. 2012); 42 U.S.C. § 2000e-2(a)(1). The Fourth Circuit Court of Appeals has held that there is no individual liability for employees or supervisors in cases brought pursuant to Title VII. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010).

Liberally construed, Plaintiff brings solely a Title VII action seeking damages against Defendants, which includes the employer and two individuals. Plaintiff seeks to sue Angela Preuter because she was the loss mitigation supervisor and was involved with terminating Plaintiff's employment with malice. And, Plaintiff seeks to sue Sharon Ponder because she was the HR business partner and was involved with terminating Plaintiff's employment. As such, Plaintiff seeks to sue individuals because of American Credit Acceptance's termination of her employment. She does not allege that either Angela Preuter or Sharon Ponder were the employer. Therefore, Plaintiff fails to state a plausible claim against the two individuals because her Title VII claim lies only against American Credit Acceptance.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss Angela Preuter and Sharon Ponder from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This action remains pending against the remaining Defendant. **Plaintiff's attention is directed to the important notice on the next page.**

September 14, 2016                                     S/Jacquelyn D. Austin
Greenville, South Carolina                        United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).