IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brenda Massaquoi, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>American Credit Acceptance, )<br>Angela Preuter, )<br>Sharon Ponder, )<br>)<br>    Defendants. )<br>_____) | Civil Action No. 7:16-2220-BHH<br><br>**<u>ORDER</u>** |

  This matter is before the Court upon Plaintiff Brenda Massaquoi's pro se complaint alleging unlawful employment discrimination. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On September 14, 2016, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report") outlining Plaintiff's complaint and recommending that the Court dismiss Defendants Angela Preuter and Sharon Ponder without prejudice and without issuance and service of process. Attached to the Report was a notice advising the parties that they may file specific, written objections to the Report within fourteen days after being served with a copy. To date, no written objections have been filed.

  The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff has failed to state a plausible Title VII claim against Defendants Angela Preuter and Sharon Ponder insofar as Plaintiff does not allege that either of these individual Defendants was Plaintiff's employer.

Accordingly, the Court hereby adopts the Magistrate Judge's Report (ECF No. 20) and dismisses Defendants Angela Preuter and Sharon Ponder without prejudice and without issuance and service of process. The action is still pending against the remaining Defendant.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 12, 2016
Charleston, South Carolina