UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Brenda Massaquoi, | ) | C/A No. 7:16-cv-02220-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| American Credit Acceptance, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment.[1]

(ECF No. 52.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2),

(D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin

for pre-trial proceedings. On February 9, 2018, the Magistrate Judge issued a Report and

Recommendation ("Report") recommending that the Motion for Summary Judgment be

granted. (ECF No. 67.) The Magistrate Judge advised the parties of the procedures and

requirements for filing objections to the Report. Plaintiff Brenda Massaquoi ("Plaintiff") filed

objections on March 8, 2018. (ECF No. 75.) Defendant filed a reply, and Plaintiff

subsequently filed additional objections.[2]  (ECF Nos. 79 & 81.)

The Magistrate Judge makes only a recommendation to this Court. The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

---

[1]Angela Preuter and Sharon Ponder were previously dismissed from this action without prejudice and without issuance of service of process. (ECF No. 28.)

[2]Plaintiff addresses Docket Entry Numbers 75 and 81 to the Fourth Circuit Court of Appeals; however, because the Report is only a recommendation to this Court, it is not immediately appealable to the Fourth Circuit. Accordingly, the Court has construed these filings as objections to the Report.

Court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

Plaintiff, proceeding *pro se*, brings this action alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). (ECF No. 1.) The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable law in the Report, including a discussion of the summary judgment standard and the requisite liberal construction of a *pro se* complaint, which the Court incorporates by reference. The Magistrate Judge recommends granting summary judgment with respect to both claims. (ECF No. 67 at 16.)

As an initial matter, it does not appear that Plaintiff challenges Magistrate Judge Austin's recommendation regarding her retaliation claim. Plaintiff's objections do not point the Court to any specific errors in the Magistrate Judge's reasoning or analysis. Upon review of the record, the applicable law, and the Report, the Court finds no error and agrees with the recommendation that Defendant is entitled to summary judgment with respect to this claim.

Turning to Plaintiff's discrimination claim, the Magistrate Judge assumed without deciding that Plaintiff could establish a *prima facie* case of discrimination on the basis of race and national origin. (ECF No. 67 at 7.) She also found that Defendant provided a legitimate, nondiscriminatory reason for Plaintiff's termination and determined that Plaintiff had not demonstrated that the proffered reason was mere pretext. (*Id.* at 8-13.) Plaintiff makes several objections to the Magistrate Judge's findings that she failed to demonstrate the pretextual nature of the reason proffered for her termination, and failed to show that discrimination was the real reason for her termination.

First, Plaintiff argues that it was Defendant's responsibility to confirm that she had moved to Charlotte before terminating her employment. (ECF Nos. 75 at 4 & 7; 81 at 1.) Plaintiff has provided no support for her assertion that it was Defendant's responsibility to ascertain her whereabouts before terminating her employment. Regardless, Plaintiff was provided an opportunity to confirm this information herself when Defendant sent her a letter via email and overnight delivery informing her that she was being terminated and asking her to call Sharon Ponder, Defendant's Human Resources Business Partner, in the event that there were extenuating circumstances that should be considered. (ECF No. 52-2 at 94.) Plaintiff does not dispute that she did not contact Defendant at that time to correct the assumption that she had moved and would not be returning to work. After she emailed one of Defendant's employees that her termination violated her civil rights, Defendant's employee emailed her twice requesting that she contact Defendant to address these concerns and perhaps return to work. Plaintiff failed to respond to these emails or contact Defendant's employee. In summary, the specific fact that Plaintiff had not yet actually

vacated her residence in South Carolina and taken up residence in Charlotte, North Carolina, is immaterial to the question of whether Defendant's proffered reason for Plaintiff's termination was a pretext for discrimination. Accordingly, this objection is overruled.

Second, Plaintiff contends that the Magistrate Judge erred in failing to review voice messages Plaintiff alleges she left with Defendant informing Defendant that she was calling in sick and would be back at work. (ECF No. 75 at 4, 8.) Plaintiff asserts that she had sufficient paid time off to cover her absence; accordingly, because she called in, she was entitled to take leave. (*See id.*) It appears to the Court that this voice message has not been provided by Plaintiff for the Court's review. The Magistrate Judge has no duty to conduct discovery on behalf of any party. Accordingly, Plaintiff's conclusory allegation, without more, is insufficient to preclude the entry of summary judgment. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985) ("Unsupported allegations as to motive do not confer talismanic immunity from Rule 56."), *abrogated on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

Third, Plaintiff objects to the Magistrate Judge's consideration of Defendant's argument that its employees believed Plaintiff had moved to Charlotte because there were no personal items on her desk; Plaintiff contends that she never had any personal items on her desk. (ECF Nos. 75 at 4, 9; 81 at 1.) Liberally construing this objection, Plaintiff may be arguing that this putative lack of personal items is evidence that Defendant's proffered legitimate, nondiscriminatory reason for terminating her was mere pretext. However, Plaintiff fails to assert or provide any evidence that the decision maker knew Plaintiff did

not have any personal items on her desk. Even assuming that Plaintiff did not keep personal items at work, at most she argues that Defendant's employees were mistaken in their belief that she cleaned out her desk. This is insufficient to demonstrate that discrimination was the real reason for her termination and the objection is overruled. *See Jiminez v. Mary Wash. Coll.*, 57 F.3d 369, 378 (4th Cir. 1995) (holding that, generally, to prove an employer's articulated reason is a pretext for discrimination, a plaintiff "must prove '*both* that the reason was false, *and* that discrimination was the real reason' for the challenged conduct" (emphasis in original) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993))).

Next, Plaintiff objects to the Magistrate Judge's reliance on the statement by one of Defendant's employees that, after her termination, the employee who took over Plaintiff's work reported that Plaintiff was behind in her paperwork. (ECF No. 75 at 4, 10.) It does not appear that the Magistrate Judge considered this statement when rendering her recommendations, mentioning it only obliquely in a footnote, and only to say that she was, essentially, granting Plaintiff the benefit of the doubt by assuming without deciding that Plaintiff established a *prima facie* case of discrimination. (*See* ECF No. 67 at 7-8 n.4) Further, even assuming that Plaintiff was not behind in her paperwork and that Defendant's employee's statement was false, Plaintiff has not alleged that this assertion was known to Defendant at the time of her termination or played any role in the decision to terminate her employment. Thus, the objection is overruled.[3]

---

[3]In the last page of her objections, Plaintiff states that the Magistrate Judge failed to properly consider the facts of the case and the evidence submitted in opposition to the motion. While this is not a specific objection, after a thorough review of the record, the

In her supplemental objections to the Report, Plaintiff appears to argue that three other employees were treated differently than Plaintiff.[4] (ECF No. 81 at 2.) She contends that,

> ACA CEO, a white man lives in Charlotte, North Carolina with immunity[;] Shannon Kirkpatrick, a black American woman called off with occurrences, without PTO time and did several "no calls no shows," then was called back to work with ACA with immunity[;] Pam, a white American woman, was given reasonable pay raises even though she was months behind on her work while consistently working unlimited overtime.

*Id.* First, Plaintiff has failed to establish that she is similarly situated to Defendant's Chief Executive Officer. *See Edwards v. Newport News Shipbuilding*, 166 F.3d 1208 (4th Cir. 1998) (unpublished table decision) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992), for the proposition that to be similarly situated, employees must have the same supervisors and must have engaged in the same conduct without differentiating or mitigating circumstances). Next, Plaintiff's allegation that Pam was behind in her work but continued to receive raises is irrelevant to the present action because, as explained above, Plaintiff has not alleged that any adverse action was taken against her because Defendant or its employees believed she was behind in her work. Finally, the Magistrate Judge specifically addressed Plaintiff's argument that Shannon Kirkpatrick ("Kirkpatrick") is similarly situated to Plaintiff. The Magistrate Judge found Kirkpatrick's alleged

_____

applicable law, and the Report, the Court finds that the Magistrate Judge properly considered the evidence and the law in issuing the Report.

[4] Evidence that an employer treated similarly situated individuals differently can be evidence of pretext. *See, e.g.*, *Laing v. Fed. Express Corp.*, 703 F.3d 713, 721 (4th Cir. 2013) (stating that such comparator evidence "would be 'especially relevant' to a showing of pretext").

situation–namely, where Kirkpatrick failed to inform Defendant that she was taking time off, was terminated, and then permitted to return to work–was sufficiently different from Plaintiff's situation. Specifically, the Magistrate Judge noted that Plaintiff failed to respond to Defendant's three attempts to communicate with her about possibly returning to work. (ECF No. 67 at 12 (citing ECF Nos. 51-1 at 12; 52-2 at 54-55, 61–63, 94, 98-99; 52-6 at 7; 52-8 at 3-4)). Upon review of the record and the applicable law, the Court agrees with the Magistrate Judge's determination that Plaintiff has not established that she and Kirkpatrick are similarly situated. Accordingly, the supplemental objections are overruled.

## CONCLUSION

For the reasons set forth above, the Court adopts and incorporates herein the Report and Recommendation (ECF No. 67) of the Magistrate Judge. Therefore, Defendant's Motion for Summary Judgment (ECF No. 52) is **GRANTED**.

IT IS SO ORDERED.

/s/Bruce H. Hendricks
United States District Judge

August 31, 2018
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.